UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Weihua Du,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Shalom Segelman; The Line DC Fund LLC; The Line DC Manager LLC; The Line DC Escrow LLC; Yucaipa U.S. Hospitality Partners, LLC; YAAF II Parallel (U.S. Hospitality Partners), Inc.; Adams Morgan Managing Member LLC; Adams Morgan Hotel Holdings LLC; Adams Morgan Hotel JV LLC; Adam Morgan Hotel Members LLC; Adams Morgan Hotel Owner LLC; Milou Chesapeake Regional Center LLC; Yevgeny Samokhleb; Liu & Bitterman PLLC,<br><br>　　　　　　　　Defendants. | 2:23-cv-06780-DG-ST |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
YEVGENY SAMOKHLEB AND LIU & BITTERMAN PLLC'S RENEWED
MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) OR, IN THE
<u>ALTERNATIVE, FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)</u>**

SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP
*Attorneys for Defendants*
*Yevgeny Samokhleb and Liu & Bitterman PLLC*

　　Steven J. Shore
　　Matthew N. Tobias
　　444 Madison Avenue, 6th Floor
　　New York, New York 10022
　　Tel.: (212) 743-7025
　　Fax: (212) 743-7001
　　Email: sshore@ssrga.com
　　　　　 mtobias@ssrga.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

PROCEDURAL HISTORY ................................................................................................................ 4

    A.    The Attorney Defendants' Prior Motion To Dismiss The Complaint .................... 4

    B.    The Court Supports The Prior Motion To Dismiss, But Denied It
            Without Prejudice Due To Concerns About Subject Matter Jurisdiction ............... 4

ARGUMENT ....................................................................................................................................... 7

POINT I

    THIS ACTION SHOULD BE DISMISSED BECAUSE
    THIS COURT LACKS SUBJECT MATTER JURISDICTION ...................................... 7

    A.    As A Matter Of Law, Diversity Jurisdiction Does Not Exist ................................. 8

    B.    Plaintiff Has Not Adequately Demonstrated
            That Federal Question Jurisdiction Exists ........................................................... 12

POINT II

    IN THE ALTERNATIVE, THIS COURT SHOULD
    DISMISS THE COMPLAINT AS AGAINST THE ATTORNEY
    DEFENDANTS FOR FAILURE TO STATE A CLAIM ............................................... 14

CONCLUSION .................................................................................................................................. 15

**TABLE OF AUTHORITIES**

**CASES**   **Page(s)**

*Allegrino v. Ruskin Moscou Faltischek, P.C.*,
  2021 WL 5500084 (2d Cir. Nov. 24, 2021) ................................................................. 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................... 1

*Attallah v. Milbank, Tweed, Hadley & McCloy, LLP*,
  168 A.D.3d 1026 (N.Y. App. Div. 2d Dep't 2019) ...................................................... 2

*Bazile v. Asset Prot. Grp. LLC*,
  2019 WL 7985168 (E.D.N.Y. Nov. 27, 2019) ............................................................ 11

*Bepot v. Burlington Coat Factory of Texas, Inc.*,
  2025 WL 1940328 (E.D.N.Y. Jul. 15, 2025) ............................................................... 8

*Broidy Capital Management LLC v. Benomar*,
  944 F.3d 436, 443 (2d Cir. 2019) ................................................................................ 7

*Century Surety Company v. Vas and Sons Corp.*,
  2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018) ................................................. 10-11, 12

*In re Esteva*,
  60 F.4th 664 (11th Cir. 2023) .................................................................................... 11

*Hallock v. State of New York*,
  64 N.Y.2d 224 (N.Y. 1984) ......................................................................................... 1

*Hargrave v. Oki Nursery, Inc.*,
  646 F.2d 716 (2d Cir. 1980) ...................................................................................... 11

*Harvey Aluminum v. Am. Cyanamid Co.*,
  203 F.2d 105 (2d Cir. 1953) ...................................................................................... 10

*Kenshoo, Inc. v. Aragon Advert., LLC*,
  586 F. Supp. 3d 177 (E.D.N.Y. 2022) ......................................................................... 8

*Mangiafico v. Blumenthal*,
  471 F.3d 391 (2d Cir. 2006) ........................................................................................ 8

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ........................................................................................ 7

Case 2:23-cv-06780-DG-ST  Document 98-1  Filed 09/16/25  Page 4 of 20 PageID #: 788

*Milton v. Ocwen Loan Servicing, LLC,*
  2020 WL 13568757 (E.D.N.Y. Feb. 7, 2020) ................................................................. 10

*Novel Energy Solutions, LLC v. Pine Gate Renewables, LLC,*
  2024 WL 1364702 (2d Cir. Apr. 1, 2024) ....................................................................... 8

*Ocean Units LLC v. Illinois Union Insurance Co.,*
  528 F. Supp. 3d 99 (E.D.N.Y. 2021) ............................................................................ 8-9

*Perry v. Schumacher Grp. Of Louisiana,*
  891 F.3d 954 (11th Cir. 2018) ....................................................................................... 11

*Poparic v. Jugo Shop,*
  2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010) ............................................................... 12

*Prevost v. City of N.Y.,*
  2014 WL 6907560 (S.D.N.Y. Dec. 9, 2014) ................................................................... 7

*Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,*
  896 F.2d 674 (2d Cir. 1990) ............................................................................................ 8

*Robbins v. City of New York,*
  254 F. Supp. 3d 434 (E.D.N.Y. 2017) ........................................................................... 11

*Tiraco v. N.Y. State Bd. of Elections,*
  963 F. Supp. 2d 184 (E.D.N.Y. 2013) ............................................................................. 7

*Tounkara v. Republic of Senegal,*
  2022 WL 17826422 (S.D.N.Y. Dec. 20, 2022),
  *report and recommendation adopted*, 2023 WL 2692434 (S.D.N.Y. Mar. 29, 2023) ............... 11

*Wisconsin Dept. of Corrections v. Schacht,*
  524 U.S. 381 (1998) ........................................................................................................ 8

```
```

**RULES**

17 CFR § 240.10b-5 ................................................................................................................... 12

15 U.S.C. § 78j(b) ..................................................................................................................... 12

15 U.S.C. § 78o ......................................................................................................................... 12

28 U.S.C. § 1332 ......................................................................................................................... 8

Fed.R.Civ.P. 9(b) ......................................................................................................................... 1

Fed.R.Civ.P. 12(b) ................................................................................................................... 1, 7

Fed. R. Civ. P. 41(a) ................................................................................................................. 10

Defendants Yevgeny Samokhleb and Liu & Bitterman PLLC (the "Attorney Defendants") submit this Memorandum of Law in support of their renewed motion to dismiss the Amended Complaint (the "Complaint" or "Cplt.")[1] of Plaintiff Weihua Du ("Plaintiff"), pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, Fed.R.Civ.P. 12(b)(6) and 9(b).

## PRELIMINARY STATEMENT

The Court has already considered and analyzed the arguments that the Attorney Defendants raised as to why Plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6) and 9(b), and found them to be meritorious. Specifically, on October 1, 2024, the Attorney Defendnats moved to dismiss the Complaint as against them (the "Prior Motion"). [*See* ECF Docs. 72-74, reproduced as Exhibits B, C, and D to the Shore Declaration, respectively.] Briefly, in the Prior Motion, the Attorney Defendants argued that dismissal of the Complaint, which asserts a single claim of attorney malpractice against the Attorney Defendants, was warranted because:

      i.     Plaintiff's allegations as to the Attorney Defendants' purported actionable behavior are so fanciful as to be implausible and are refuted by documentary evidence. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). [Shore Decl., Exhibit B [ECF Doc. 72], at Pt. I.]

      ii.    The Attorney Defendants did not breach any duty of care to Plaintiff because the Attorney Defendants were entitled to rely on communications with Plaintiff's agent. *See Hallock v. State of New York*, 64 N.Y.2d 224, 232 (N.Y. 1984) (defendants in litigation reasonably relied on plaintiff's attorneys' apparent authority as plaintiff's agent to enter into binding settlement). [*Id.*, at Pt. II.B.]

---

[1] A copy of the Complaint in this action (filed at ECF Doc. 45) is annexed as Exhibit A to the accompanying Transmittal Declaration of Steven J. Shore, dated August 12, 2025 (the "Shore Declaration" or "Shore Decl."). To avoid unnecessary verbiage, references herein to the "Complaint" and the "Cplt." shall not repeat the reference to Exhibit A of the Shore Declaration.

1

iii. Any negligence that the Attorney Defendants allegedly committed exceeded the scope of their representation of Plaintiff, which was limited to acting as her immigration attorney, not her attorney in connection with the EB-5 investment. *See Allegrino v. Ruskin Moscou Faltischek, P.C.*, 2021 WL 5500084, at *1 (2d Cir. Nov. 24, 2021); *accord*, *Attallah v. Milbank, Tweed, Hadley & McCloy, LLP*, 168 A.D.3d 1026, 1028-29 (N.Y. App. Div. 2d Dep't 2019). [*Id.*, at Pt.II.C.i and ii.]

iv. Even if the Attorney Defendants did somehow breach a duty of care within the scope of their representation of Plaintiff, such breach was not the proximate cause of Plaintiff's alleged damages. Specifically, even if Plaintiff's loss was the result of the denial of her immigration application, the documentary evidence is clear that such denial was due to "significant credibility concerns" with Plaintiff's husbands' testimony at his immigration interview, and not due to any fault of the Attorney Defendants. [*Id.*, at Pt.II.C.iii.]

v. Plaintiff's damages, as alleged, are purely speculative. [*Id.*, at Pt.II.C.iv.]

In his Report and Recommendation issued on March 28, 2025, Hon. Steven L. Tiscione, U.S.M.J., expressed his belief that the Prior Motion was meritorious, finding that "Plaintiff's malpractice claim appears to be inadequately alleged." [ECF Doc. 76, reproduced hereat as Exhibit E to the Shore Declaration, at pp. 41-42]

However, the Report and Recommendation, which Hon. Diane Gujarati, U.S.D.J., adopted in full without opposition on April 21, 2025, did not grant the Prior Motion because Magistrate Judge Tiscione observed that this Court may lack subject matter jurisdiction to hear this action at all. Indeed, the Report and Recommendation, which also addressed Plaintiff's motion for a default judgment against Defendants Shalom Segelman, The Line DC Fund LLC ("Fund"), The Line DC Manager LLC, and The Line DC Escrow LLC (the "Default Motion"), conducted an in-depth

2

analysis of subject matter jurisdiction and found that the federal question claims were deficient and that there was a significant question as to whether there was diversity jurisdiction. Thus, the Court denied the Prior Motion without prejudice to renew upon Plaintiff making a showing that this Court had subject matter jurisdiction.

At the pre-motion conference held on July 22, 2025, the Court directed the parties to brief the jurisdictional issues. As discussed herein, to date, Plaintiff has not submitted anything further to demonstrate subject matter jurisdiction. Plaintiff has neither further amended or supplemented the Complaint, nor has she submitted any legal authority to establish subject matter jurisdiction.

To the contrary, there can be no doubt that diversity jurisdiction does not exist because the Attorney Defendants demonstrated that two of the members of Fund are citizens and domiciliaries of China, the same as Plaintiff. Indeed, Plaintiff admits that diversity jurisdiction does not exist when she asserts that she intends to discontinue this action against Fund – which, as discussed below, she cannot do unilaterally without discontinuing the entire action. With respect to the claimed federal question jurisdiction, for the reasons set forth in the Report and Recommendation, such jurisdiction does not exist.

Accordingly, it is respectfully submitted that this Court should dismiss this action for lack of subject matter jurisdiction. Alternatively, this Court should dismiss the Complaint as against the Attorney Defendants for failure to state a viable cause of action based on the reasons set forth in the Prior Motion.

## PROCEDURAL HISTORY

A. <u>**The Attorney Defendants' Prior Motion To Dismiss The Complaint**</u>

As noted above, this motion follows the Attorney Defendants' prior motion to dismiss the Amended Complaint which was fully briefed and filed with the Court on October 1, 2024 (the "Prior Motion"). [*See* Shore Decl., Exhibits B, C, and D (ECF Docs. 72-74).] A full recitation of the factual allegations of the Complaint vis-à-vis the Prior Motion was included in the Attorney Defendants' opening memorandum of law in support of the Prior Motion. [Shore Decl., Exhibit B (ECF Doc. 72)] The Attorney Defendants respectfully refer the Court to such factual recitation in their prior opening memorandum of law.

B. <u>**The Court Supports The Prior Motion To Dismiss, But Denied It Without Prejudice Due To Concerns About Subject Matter Jurisdiction**</u>

On March 28, 2025, Magistrate Judge Tiscione issued his Report and Recommendation with respect to the Attorney Defendants' Prior Motion and Plaintiff's Default Motion. [Shore Decl., Exhibit E (ECF Doc. 76)] In his Report and Recommendation, Magistrate Judge Tiscione indicated his belief that the Attorney Defendants' Prior Motion was meritorious, as "Plaintiff's malpractice claim appears to be inadequately alleged." [Shore Decl., Exhibit E (ECF Doc. 76), at pp. 41-42] In this regard, Magistrate Judge Tiscione found:

> Specifically, Plaintiff does not appear to allege "beyond the point of speculation and conjecture, a causal connection between its losses and the defendant's actions," as required for a legal malpractice action under New York law. *Geswaldo v. Gottlieb*, No. 1:24-CV-02543 (AT) (SDA), 2025 WL 763995, at *5 (S.D.N.Y. Jan. 14, 2025), *report & recommendation adopted*, 2025 WL 636091 (S.D.N.Y. Feb. 27, 2025) (quoting *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 199 F. Supp. 3d 818, 830 (S.D.N.Y. 2016)); *see also D'Adamo v. Cohen*, 223 N.Y.S.3d 161, 163 (2d Dep't 2024). To be sure, the entire basis for Plaintiff's action is that Segelman and the Line DC Defendants defrauded her of her investment and refused to refund it. In other words, Plaintiff alleges that Segelman and the Line DC Defendants have not allowed her to withdraw from the investment. Nevertheless, Plaintiff's alleges that, because the Liu & Bitterman Defendants failed to verify the legitimacy of the signatures on the forged documents, she "was unable to withdraw

4

> from this investment in a timely manner." Am. Compl. ¶ 66. But Plaintiff's own allegations contradict the assertion that she would have been able to withdraw at all. There is no basis to believe, from the Amended Complaint, that, after the documents had been forged, any earlier discovery of that forgery would have rendered Segelman or the Line DC Defendants more amenable to returning her investment funds. The only argument to the contrary, it appears, would be that earlier discovery would have allowed Plaintiff to file suit before the statute of repose ran—but such argument would defeat subject matter jurisdiction over this action.

[*Id.*]

Notwithstanding Magistrate Judge Tiscione's apparent belief that the Complaint failed to state a viable cause of action against the Attorney Defendants, he recommended that the Prior Motion be denied without prejudice to renew due to serious doubts as to whether the Court had subject matter jurisdiction over this action to begin with. Magistrate Judge Tiscione noted that that the federal question claims were defective and that Plaintiff had not established diversity jurisdiction. [*Id.*, at pp. 36-38]

Magistrate Judge Tiscione examined Plaintiff's federal question claims in the context of Plaintiff's Default Motion. Magistrate Judge Tiscione denied Plaintiff's Default Motion because, *inter alia*, Plaintiff had failed to adequately state such federal question claims. [*Id.,* at pp. 14, 22-36]

In finding that Plaintiff had not established diversity jurisdiction, the Report and Recommendation went into a detailed analysis of the Complaint, explaining how Plaintiff failed to sufficiently allege that diversity jurisdiction existed. [*Id.*] Holding that the Court "cannot reach a determination on the merits of Plaintiff's claims if it lacks subject matter jurisdiction over this action," Magistrate Judge Tiscione:

> Recommend[ed] that the [Prior Motion] be denied without prejudice at this time. In the event that Plaintiff files a second motion for default judgment and the Court determines that jurisdiction is proper, the Court respectfully recommends that the

5

> [Attorney Defendants] be granted leave to refile their motion so that the Court may determine the questions presented therein on the merits.

[*Id.*, at p. 41]

On May 1, 2025, this Court issued an order adopting the Report and Recommendation. In this Order, the Court directed Plaintiff "to either (1) request a new certificate of default for failure to answer or otherwise respond to the now-operative pleading, or (2) file a letter advising whether Plaintiff intends to voluntarily withdraw this action by **May 19, 2025**." (Emphasis in original).

Plaintiff failed to comply with the Court's Order. Rather, on May 20, 2025, Plaintiff's counsel wrote to the Court to explain that Plaintiff was in the process of serving the Complaint in this action (even though the Complaint had previously been served). Plaintiff further advised that, if the non-appearing Defendants "continue to fail to answer, [Plaintiff] intend[s] to move for the entry of judgment." Plaintiff's counsel also advised that Plaintiff "will also submit a memorandum of law setting forth the basis for the federal question jurisdiction." [ECF Doc. 87, reproduced hereat as Exhibit F to the Shore Declaration] To date, Plaintiff has not submitted any such memorandum of law.

Notably, not only did Plaintiff file this letter a day after the Court-ordered deadline, but it was also filed after the Attorney Defendants filed their letter motion for a pre-motion conference with respect to their intent to file this renewed motion to dismiss the Complaint. [ECF Doc. 86, reproduced as Exhibit G to the Shore Declaration]

On June 9, 2025, Plaintiff's counsel filed its response to the Attorney Defendants' letter motion requesting a pre-motion conference. In her response, Plaintiff advised that she intended to discontinue against non-appearing Fund, which, as explained herein, is the party which destroys diversity jurisdiction. [ECF Doc. 94, reproduced as Exhibit H to the Shore Declaration] To date,

6

Plaintiff has not discontinued as against Fund, nor has she further sought a default judgment against the non-appearing defendants, including Fund.

Plaintiff and the Attorney Defendants held a pre-motion conference before Magistrate Judge Tiscione on July 22, 2025. As indicated above, at the pre-motion conference, the Court directed the parties to brief the jurisdictional issue. [ECF Doc. 96, reproduced as Exhibit I to the Shore Declaration]

This motion follows.

## ARGUMENT

### POINT I

### THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Generally, the plaintiff, as the party asserting subject matter jurisdiction, has the burden of proving that it exists by a preponderance of the evidence." *Broidy Capital Management LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019). "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[]." *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. Additionally, the court is free to consider extrinsic documents referenced in and integral to the complaint *(see Prevost v. City of N.Y.*, 2014 WL 6907560, at *2 (S.D.N.Y. Dec. 9, 2014)), or

7

public records of which the court may take judicial notice (see *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

Here, Plaintiff asserts that this Court has subject matter jurisdiction based on both diversity jurisdiction and federal question jurisdiction. [Cplt., at ¶¶ 26, 27] However, as will be shown, this Court lacks subject matter jurisdiction under either basis.

A. **As A Matter Of Law, Diversity Jurisdiction Does Not Exist**

It is well established that, where subject matter jurisdiction is premised upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be "complete diversity of citizenship between all plaintiffs and all defendants." See *Bepot v. Burlington Coat Factory of Texas, Inc.*, 2025 WL 1940328, at *2 (E.D.N.Y. Jul. 15, 2025) (dismissing complaint where Plaintiff failed to adequately plead complete diversity of citizenship); *accord Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (holding that court had no subject matter jurisdiction because there was not "complete diversity of citizenship"). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S.381, 388 (1998).

"To determine diversity jurisdiction, limited liability companies 'take[] the citizenship of each of their members.'" *Novel Energy Solutions, LLC v. Pine Gate Renewables, LLC*, 2024 WL 1364702, at *1 (2d Cir. Apr. 1, 2024) (affirming dismissal for lack of subject matter jurisdiction) (citation omitted); *accord Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022) (holding that the citizenship of the limited liability company "consists of the imputed citizenship of each of its members"); *Ocean Units LLC v. Illinois Union Insurance Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) ("the citizenship of an unincorporated association like a

8

limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes on the citizenship of its members").

As explained above, after conducting an in-depth analysis of the allegations of the Complaint, the Report and Recommendation determined that Plaintiff had not asserted allegations sufficient to demonstrate that diversity jurisdiction existed. [Shore Decl., Exhibit E (ECF Doc. 76), at pp. 36-38] Given that Plaintiff has neither sought to amend further the complaint, nor submitted anything to supplement those allegations, such determination in the Report and Recommendation remains valid. A finding that no diversity jurisdiction exists is warranted on those grounds alone.

Moreover, the Attorney Defendants have definitively demonstrated that complete diversity of citizenship simply does not exist in this action. Specifically, on April 9, 2025, the Attorney Defendants submitted their Rule 7.1 Disclosure Statements, which included responses concerning diversity jurisdiction. [ECF Doc. 77, reproduced hereat as Exhibit J to the Shore Declaration] With those responses, the Attorney Defendants included Declarations from two members of Fund – Jie Zhang ("Zhang") and Jinghuan Xu ("Xu"). [*Id.*] In these sworn declarations, Zhang and Xu both confirmed that they are citizens and domiciliaries of China. [*Id.*] Thus, for diversity jurisdiction purposes, the citizenship of Fund includes China.

Given that Plaintiff admits in the Complaint that she is, likewise, a citizen of China [Cplt., at ¶ 34], the Zhang and Xu Declarations establish, as a matter of law, that complete diversity of citizenship between Plaintiff and all of the Defendants does not exist as Plaintiff shares Chinese citizenship with Fund through Zhang and Xu.

Notably, Plaintiff does not dispute this lack of citizenship. To the contrary, in her response to the Attorney Defendants' letter motion requesting a pre-motion conference, Plaintiff conceded

9

that diversity of citizenship was lacking due to Fund and asserted that she intended to discontinue this action as against Fund in an effort to create complete diversity of citizenship. [Shore Decl., Exhibit H (ECF Doc. 94)]

However, Plaintiff's suggestion that she can simply voluntarily discontinue this action as against only Fund is in error. Federal Rule of Civil Procedure 41(a)(1)(A), which governs voluntary discontinuances without court order, provides, in relevant part:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, **the plaintiff may dismiss an action without a court order** by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A) (emphasis added).

In *Harvey Aluminum v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), the Second Circuit held that Rule 41's reference to a plaintiff dismissing "an action without a court order" signified that Rule 41(a)(1)(A) only allowed a plaintiff to discontinue its entire action, and not individual claims. *See Harvey*, 203 F.2d at 108 ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"). Although not universally followed in the Second Circuit, the holding in *Harvey Aluminum* continues to serve as precedent to this day, including, but not limited to, in the Eastern District of New York. *See Milton v. Ocwen Loan Servicing, LLC*, 2020 WL 13568757, at *1 (E.D.N.Y. Feb. 7, 2020) ("A Noice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) operates to dismiss an entire 'action,' not claims within an action."); *accord Century Surety Company v. Vas and Sons Corp.*, 2018 WL 4804656, at *2 (E.D.N.Y. Sept. 30, 2018) ("While Century may dismiss the entire *action*

10

unilaterally under Rule 41(a), that Rule does not authorize it to dismiss only one claim."); *Bazile v. Asset Prot. Grp. LLC*, 2019 WL 7985168, at *2 (E.D.N.Y. Nov. 27, 2019) ("Rule 41 dismissals apply to *actions*, not claims.  Rule 41 may not be used to dismiss a single claim.") (emphasis in original); *Robbins v. City of New York*, 254 F. Supp. 3d 434, 436 (E.D.N.Y. 2017) ("Plaintiff may therefore unilaterally dismiss this action, but [Rule 41] does not authorize her to dismiss a single claim."); *Tounkara v. Republic of Senegal*, 2022 WL 17826422, at *10 n.11 (S.D.N.Y. Dec. 20, 2022), *report and recommendation adopted*, 2023 WL 2692434 (S.D.N.Y. Mar. 29, 2023) (noting that "Rule 41 dismissals apply to actions, not claims"); *In re Esteva*, 60 F.4th 664, 675 (11th Cir. 2023) ("A plain reading reveals that the Rule [41] does not authorize the voluntary dismissal of individual claims; rather, the Rule requires that a plaintiff dismiss the entire action."); *Perry v. Schumacher Grp. Of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) ("It is clear from the text [of Rule 41] that only an '*action*' may be dismissed.  There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit – e.g., a particular *claim* – while leaving a different part of the lawsuit pending before the trial court"); *see also*, *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 719 (2d Cir. 1980) ("The word 'action' has been commonly understood to denote not merely a 'claim' or 'cause of action' but 'the entire controversy,' and is so used in the Federal Rules of Civil Procedure.").

Given that this entire action is predicated on Plaintiff's assertion that she was defrauded into investing in Fund, and that Plaintiff is seeking the return of her investment in Fund, it would be nonsensical for Plaintiff to be able to discontinue her claims against Fund while maintaining her claims for legal malpractice against the Attorney Defendants.  Rather, if Plaintiff wishes to voluntarily discontinue against Fund, which discontinuance is plainly to create diversity

jurisdiction where it does not currently exist, then such discontinuance should only be allowed if the entire action is discontinued.

However, if, *arguendo*, this Court were to find that Plaintiff is entitled to discontinue her claims against Fund alone (which, respectfully, it should not), then this Court should likewise find that any such discontinuance is with prejudice. Given that Plaintiff has already sought, albeit unsuccessfully, a default judgment against Fund, Plaintiff has "sufficiently litigated the merits of [this] case to bar [her] from dismissing without prejudice." *Poparic v. Jugo Shop*, 2010 WL 1260598, at *5 (E.D.N.Y. Mar. 31, 2010) (rejecting the plaintiff's attempt to discontinue without prejudice after default judgment); *accord Century Surety*, 2018 WL 4804656, at *3-*4 (holding that, even if Rule 41(a)(1) allows for dismissal of less than the entire action, the plaintiff could not dismiss claim without prejudice where it had sought default judgment with respect to claim).

### B. Plaintiff Has Not Adequately Demonstrated That Federal Question Jurisdiction Exists

In addition to diversity jurisdiction, Plaintiff also alleges that this Court has subject matter jurisdiction based upon federal question jurisdiction. Specifically, Plaintiff alleges, in this regard:

> This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under federal law, namely 15 U.S.C. § 78(b), 78o, 78j, and 17 CFR Section 240.10b-5 thereunder.

[Cplt, at ¶ 27]

Plaintiff's Complaint purports to assert two causes of action based under Federal Law: (a) Count Two, which purports to allege Securities Fraud based on 15 U.S.C. § 78j(b) and 17 CFR § 240.10b-5 against Fund, The Line DC Manager LLC, and Shalom Segelman; and (b) Count Nine, which purports to allege Violation of Securities Exchange Act based on 15 U.S.C. § 78o and 15 U.S.C. § 78j against Shalom Segelman and The Line DC Manager LLC.

In the Report and Recommendation, which Judge Gujarati adopted in full, Magistrate Judge Tiscione conducted an in-depth analysis of both claims, finding that neither claim was viable. [Shore Decl., Exhibit E (ECF Doc. 76), at pp. 24-32 (analysis of Count Two) and pp. 32-36 (analysis of Count Nine)]  With respect to Count Two, the Report and Recommendation concluded that "a facial review of the Amended Complaint renders the apparent conclusion that Count Two was time barred from the outset, and also facially fails to state a claim." [*Id.*, at p. 32] With respect to Count Nine, the Report and Recommendation likewise concluded that. "[u]nless or until Plaintiff presents compelling argument demonstrating that this claim has any merit, the Court finds that this action is barred as a matter of law." [*Id.*, at p. 36]

If neither Count Two nor Count Nine, the only causes of action implicating federal question jurisdiction, are viable, then subject matter jurisdiction cannot be based on federal question jurisdiction.

In adopting the Report and Recommendation, the Court directed Plaintiff either to file a new motion for a default judgment or a letter advising whether Plaintiff will voluntarily withdraw this action by May 19, 2025. [*See* ECF Docket entry dated May 1, 2025.] Plaintiff did neither. Rather, following the Attorney Defendants' request for a pre-motion conference, Plaintiff advised the Court that she was serving the Complaint again and that she would move for a default against any non-appearing defendants. [Shore Decl., Exhibit F (ECF Doc. 87)]  Plaintiff further advised that she would file a memorandum of law establishing federal question diversity. [*Id.*]  To date, Plaintiff has neither made a new motion for a default judgment (despite Segelman, Fund, and The Line DC Manager LLC again failing to timely answer) nor has she filed anything to support federal question jurisdiction.

13

Given that Plaintiff has not submitted anything further to establish the viability of Counts Two and Nine, the Court's analysis finding that both such claims are fatally defective stands unchallenged. The Attorney Defendants thus respectfully refer to such analysis and incorporate it herein by reference to submit that federal question jurisdiction does not exist here. Further, as diversity jurisdiction does not exist here for the reasons set forth *supra* at Pt.I.A. and in the Report and Recommendation at pp. 36-38, it is respectfully submitted that the Court should dismiss this action for lack of subject matter jurisdiction.

## POINT II

**IN THE ALTERNATIVE, THIS COURT SHOULD DISMISS THE COMPLAINT AS AGAINST THE ATTORNEY DEFENDANTS FOR FAILURE TO STATE A CLAIM**

As explained above, in the Prior Motion, the Attorney Defendants moved to dismiss the Complaint as against them for failure to state a claim. In the Report and Recommendation, Magistrate Judge Tiscione indicated his belief that Plaintiff's attorney malpractice claim (the only claim asserted against the Attorney Defendants in the Complaint) did not sufficiently plead a viable cause of action. However, the Report and Recommendation stopped short of granting the Prior Motion because a determination as to whether the Court had subject matter jurisdiction had to be reached first.

If this Court determines that it has subject matter jurisdiction (which, as explained above, it is respectfully submitted that it does not), then, at the very least, the Complaint should be dismissed as against the Attorney Defendants for the same reasons set forth in the Prior Motion. [*See* Shore Decl. Exhibit B (ECF Doc. 72) (the Attorney Defendants' opening papers in support of the Prior Motion) and Exhibit D (ECF Doc. 74) (the Attorney Defendants' reply papers in further support of the Prior Motion)].

14

## **CONCLUSION**

For all of the foregoing reasons, the Complaint should: (i) dismissed in its entirety due to lack of subject matter jurisdiction or, in the alternative, (ii) be dismissed with prejudice as against the Attorney Defendants.

Dated: New York, New York
August 12, 2025

>SCHWARTZ SLADKUS REICH
>GREENBERG ATLAS
>*Attorneys for Defendants Yevgeny Samokhleb and Liu & Bitterman PLLC*
>
>By: _____
>     Steven J. Shore
>     Matthew N. Tobias
>444 Madison Avenue, 6th Floor
>New York, New York 10022
>Tel: 212-743-7000
>Fax: 212-743-7001
>sshore@ssrga.com
>mtobias@ssrga.com